UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-180-FDW

| ALAN LYDELL MEADOWS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | ORDER |
| FRANK L. PERRY, | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on an initial review of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. See Rule 4 of the Rules Governing Section 2254 Cases. For the reasons that follow, the § 2254 petition will be dismissed.

### I. BACKGROUND

According to the verified § 2254 petition, the Petitioner pled guilty to one felony count of larceny on or about June 6, 2013 in Gaston County Superior Court and was sentenced to a term of 17 to 21 months' imprisonment.[1] Petitioner did not file an appeal and he is presently confined in the Scotland Correctional Institution

It appears from the § 2254 petition that Petitioner did not file a motion for appropriate relief in an effort to challenge his state conviction. The Antiterrorism and Effective Death Penalty (AEDPA) provides in relevant part as follows:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears

---

[1] However, the Court notes that the website of the North Carolina Department of Public Safety (DPS) indicates that Petitioner was convicted on the felony larceny charge on May 28, 2013, and admitted into DPS custody on or about June 5, 2013.

1

that—

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)
>
> > (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

There is no indication in this record that Petitioner has ever presented any challenge to his State judgment on direct appeal or through a motion for appropriate relief. Accordingly, the Court will dismiss the § 2254 petition without prejudice to Petitioner's ability to present his claim before the State court in the first instance.

Petitioner is notified that the AEDPA provides that a § 2254 petition must be filed within one year from the date Petitioner's state judgment becomes final. See 28 U.S.C. § 2244(d)(1)(A).[2]

## II.     CONCLUSION

For the reasons stated herein, the Court finds that the record demonstrates that Petitioner has failed to exhaust his State remedies by either failing to file a direct appeal or filing a motion for appropriate relief in the Gaston County Superior Court. Accordingly, Petitioner's § 2254 petition will be dismissed without prejudice for failure to exhaust. Id. § 2254(b).

**IT IS, THEREFORE ORDERED** that Petitioner's petition for a writ of habeas corpus is **DISMISSED** without prejudice. (Doc. No. 2).

---

[2] Petitioner's § 2254 petition does not present any evidence that his claims arise under any other provision of § 2244(d).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: April 15, 2014

Frank D. Whitney
Chief United States District Judge